IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. ROBERTS-OBAYASHI CORPORATION, et al.,<br><br>        Plaintiffs,<br>  v.<br>PENN AMERICAN INSURANCE COMPANY,<br><br>        Defendant / | No. C-09-5064 MMC<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR REMAND; VACATING HEARING** |

      Before the Court is the Motion for Remand, filed November 23, 2009 by plaintiffs James E. Roberts-Obayashi Corporation and Steadfast Insurance Company. Defendant Penn American Insurance Company has filed opposition, to which plaintiffs have replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the parties' respective submissions, VACATES the hearing scheduled for January 8, 2010, and rules as follows.

      In their complaint, filed in state court on September 4, 2009, plaintiffs allege defendant breached the terms of an insurance policy issued to Jae Woo Kim, dba Citywide Painting ("Citywide"), and that plaintiffs, as assignees of Citywide's rights under the policy, are entitled to recover damages incurred as a result of the breach (see Compl. ¶¶ 17, 22, 23, 58), as well as reimbursement of amounts paid by plaintiffs to settle claims by persons who sued plaintiffs and Citywide in an action alleging construction defects (see Compl. ¶¶ 47, 52). Further, plaintiffs seek declaratory relief regarding their rights, as well

as the rights of Citywide, under the subject policy.  (See Compl. ¶¶ 30, 38, 45.)  On October 23, 2009, defendant removed the instant complaint to district court, asserting the Court has diversity jurisdiction over plaintiffs' claims, in that the parties are citizens of different states and plaintiffs seek damages in an amount in excess of $75,000.  See 28 U.S.C. § 1332(a).

By the instant motion, plaintiffs seek an order remanding the instant action.  Plaintiffs do not argue the Court lacks diversity jurisdiction; rather, plaintiffs argue, the Court has discretion to decline to exercise jurisdiction because plaintiffs seek declaratory relief.  As set forth below, the Court disagrees.

"Under the Declaratory Judgment Act, a district court may decline to exercise jurisdiction over a declaratory action even though subject matter jurisdiction is otherwise proper."  Snodgrass v. Provident Life and Accident Ins. Co., 147 F.3d 1163, 1166 (9th Cir. 1998).  Where, however, a party has joined a claim for monetary relief with a claim for declaratory relief, a district court's jurisdiction over the action is "mandatory" where the claim for monetary relief "'would continue to exist if the request for a declaration simply dropped from the case.'"  See United Nat'l Ins. Co. v. R&D Latex Corp., 242 F.3d 1102, 1112 (9th Cir. 2001) (quoting Snodgrass, 147 F.3d at 1167-68).

As defendant correctly notes, a claim for "monetary relief alleging breach of contract" is a claim that "would continue to exist" if a joined claim for declaratory relief were "dropped."  See Snodgrass, 147 F.3d 1168.  As discussed above, the instant complaint includes such a claim.  Consequently, remand of the instant action would "constitute[ ] a clear abuse of discretion."  See id. (holding district court erred in remanding action in which complaint included claims for monetary relief along with claims for declaratory relief).

Accordingly, the motion for remand is hereby DENIED.

**IT IS SO ORDERED.**

Dated:  December 29, 2009

MAXINE M. CHESNEY
United States District Judge

2